## M. M. TATRO v. W. S. BAILEY.

### OCTOBER TERM, 1894.

*Contract for service of stallion. · Warranty     Death of
stallion.     Parol evidence to vary written
contract.     Assumpsit.*

1.  The contract for the service of a horse being "$75 to warrant.
    Mares must be returned regularly for trial," and it appear-
    ing that the plaintiff's mare had been regularly returned
    during the life of the defendant's horse, *held*, that the
    plaintiff could recover the amount paid for the original ser-
    vice, upon its appearing, after the death of the defendant's
    horse, that his mare was not with foal.

2.  The fact that the plaintiff had, by the terms of the contract,
    the privilege of putting his mare to another horse of the
    defendant in the event of the death of the horse first used,
    did not compel him to do so.

3.  Having elected to stand upon the written contract, the defend-
    ant cannot vary its terms by parol.

4.  General assumpsit will lie to recover money paid upon a con-
    tract of warranty where the consideration has entirely
    failed.

General assumpsit.  Plea, the general issue.  Trial by
jury at the June term, 1892, Caledonia county, THOMPSON,
J., presiding.  Verdict and judgment for the plaintiff.  The
defendant excepts.

*J. P. Lamson* for the defendant.

General assumpsit will not lie.  The plaintiff must prove

a warranty, and his declaration must state his case. *Camp* v. *Barker*, 21 Vt. 469; *Myrick* v. *Slason*, 19 Vt. 121; 1 Chitty, Pl., 14 Am. Ed., 355 and notes; *Londrigon* v. *Crowley*, 12 Conn. 563; *Miller* v. *Watson*, 4 Wend. 267.

*W. P. Stafford* for the plaintiff.

There was a total failure of consideration, and general assumpsit is the appropriate remedy. *Way* v. *Raymond*, 16 Vt. 371.

TAFT, J. The plaintiff seeks to recover the sum paid by him for the use of the defendant's horse "Cobden" in the season of 1890. A catalogue was in evidence containing the terms of a contract. There was evidence in the case tending to vary the terms of the catalogue contract, but when the testimony was closed the defendant claimed that the contract for the use of "Cobden" was "just such as was in the book," meaning the catalogue. He insisted that it was "essentially a contract in writing." When testifying he was asked, if in making the contract he "in any way deviated from the terms set forth in the catalogue," and he answered "I don't think I did. No, sir;" and he further testified that when a special trade was made for the use of "Cobden" it was always put in writing, and that no special trade was made with the plaintiff. The court held that the defendant might stand upon the contract stated in the catalogue. To determine the rights of the defendant under the contract it is necessary to refer to the catalogue; in it we find the contract set forth in these words, "Cobden $50 the season; $75 to warrant. Cash or approved note at time of service." The contract was not for the season, but was "$75 to warrant," and that amount was paid in advance. The contract was for the season of 1890. In effect it was this: The defendant agreed that the plaintiff's mare should be with foal by Cobden during the season of 1890. A clause

in the contract reads ''Mares must be returned regularly for trial." It was the duty of the plaintiff to return his mare regularly for trial, at suitable times, if in heat, that she might be served by Cobden. The testimony of the defendant shows that the mare was regularly returned so long as Cobden lived. The defendant contends that upon the death of Cobden it was the plaintiff's duty to return the mare to another of the defendant's horses, by force of a clause on page five of the catalogue which reads, ''In case of the death or sale of either stallion, patrons of such horse may use any other horse by paying such difference in service fee as may exist." This clause did not bind the plaintiff to return his mare to any other of the defendant's horses. It was optional with him to do so; if he did not choose to avail himself of the privilege, he could stand upon the contract disregarding his right to return the mare to another horse. The plaintiff, therefore, fulfilled the contract on his part, by regularly returning the mare to Cobden so long as Cobden lived. He was under no duty to return her to another horse. It is urged on behalf of the defendant that his testimony tended to show that the warranty was nothing more than that the plaintiff had the right to return the mare to the defendant's horse in the season of 1891 if she did not become with foal in 1890. But the defendant chose to stand upon the contract as expressed in the catalogue, and it is not permissible for him now to insist upon any parol variation of it that his testimony might have tended to show. As we hold that under the contract the plaintiff was not bound to return his mare to any horse but Cobden, the death of the latter made it impossible for the defendant to perform his warranty. If the return privilege was a part of the contract, the defendant, Cobden being dead, could not perform on his part and as he had warranted the plaintiff a foal, and his contract having wholly failed, there was no consideration for his retaining the plaintiff's money. Nothing re-

mained for him to do but to pay over the money to the plaintiff. Under such circumstances general assumpsit was a proper action for the plaintiff to bring to recover the money he had paid the defendant.

*Judgment affirmed.*